IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI WESLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2295-M-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vicki Wesley filed an Application for Attorney Fees Under the Equal
Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq. See* Dkt. No. 21. This motion
has been referred to the undersigned magistrate judge for recommendation.

Plaintiff successfully appealed the final decision of the Commissioner denying
her application for a period of disability and disability insurance benefits under Title
II of the Social Security Act and for supplemental security income under Title XVI of
the Social Security Act. Based on Defendant's Unopposed Motion to Remand, the Court
remanded Plaintiff's case to the Commissioner, pursuant to the fourth sentence of 42
U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. *See*
Dkt. Nos. 17 & 18.

Plaintiff has moved for an award of attorneys' fees under the EAJA, 28 U.S.C.
§ 2412(d). Under the EAJA, the Court must award attorneys' fees and expenses if: (1)
the claimant is the "prevailing party"; (2) the government's position was not

-1-

"substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Here, where the Commissioner voluntarily sought remand and the Court remanded under the fourth sentence of 42 U.S.C. § 405(g), Plaintiff is the prevailing party for the EAJA's purposes, the Commissioner has not met her burden of proving substantial justification, and no special circumstances make an award unjust.

As the prevailing party, Plaintiff seeks an award of $4,230.14 in attorneys' fees. Plaintiff's fee request is based on an hourly rate of $183.52 for 23.05 hours of attorney work. *See* Dkt. No. 21 & 21-5. Plaintiff's counsel has submitted an itemized statement detailing the time devoted to the case. *See* Dkt. No. 21-6.

Plaintiff's application notes that Defendant does not oppose the filing of the application but that Defendant reserved the right to respond to and oppose the substance of the EAJA motion after review. *See* Dkt. No. 21 at 7. But Defendant thereafter did not file any response in opposition, and her time to do so has long since passed.

Without opposition by the Commissioner, the undersigned finds that Plaintiff is entitled an award of fees under Section 2412(d) at the rates of $183.52 for work done

in 2014 and 2015, that the 23.05 hours of work claimed are reasonable and compensable under the EAJA, and, after considering all the relevant factors, that the lodestar amount of $4,230.14 should be accepted as the appropriate award to Plaintiff under 28 U.S.C. § 2412(d). *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

## Recommendation

Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act [Dkt. No. 21] should be granted, Plaintiff should be awarded $4,230.14 in attorneys' fees under 28 U.S.C. § 2412(d), and Defendant should be ordered to make the check payable to Vicki Wesley but to mail the check to Plaintiff's attorney's address.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE